COMMONWEALTH *vs.* LEWIS O. THOMPSON.

A man who in good faith marries and cohabits with a woman whose husband has remained absent for more than seven years together without being heard from, and is believed by both parties to be dead, cannot be convicted of the crime of adultery therefor, although in fact her husband is still living.

INDICTMENT for adultery with Emeline B. Carlton.

At the trial in the superior court, before *Rockwell*, J., it appeared that in November 1861 the defendant was married to said Emeline, and lived with her as his wife thereafter. The defendant contended on the evidence which was offered that he then believed her to be a widow, and that she had no knowledge that her former husband was alive, and had not seen or heard from him for eleven years; and he asked the court to instruct the jury that if he married and cohabited with her without any knowledge that she had a husband living, and believing that she had no husband living, such cohabitation would not amount to the crime of adultery, even if her husband was not dead. The judge refused to give these instructions, but instructed the jury that if they were satisfied that the intercourse took place as alleged, it would be adultery, if the former husband was still living, although the defendant had no knowledge or belief that he was alive; and he excluded the evidence which was offered.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. F. Verry*, for the defendant.

*Foster*, A. G., for the Commonwealth.

DEWEY, J.   The court properly refused to rule that upon the mere showing that the defendant married the said Emeline B. Carlton and cohabited with her without any knowledge that she had a husband living, and believing that she had no husband living, the defendant could not be convicted of adultery, although she then had a legal husband in full life.

The objection urged in behalf of the defendant, that to make any act criminal there must be a criminal intent, will not screen the guilty party under such circumstances.   *Commonwealth* v. *Mash,* 7 Met. 474.

This would dispose of the case, but for the facts, which were offered to be proved, that the husband had been absent from his wife for eleven years preceding the time when the acts complained of took place, and that his wife had not seen or heard of him during that period, and had no knowledge that he was alive.

It is a well settled rule of law that, upon a person's leaving his home for temporary purposes of business or pleasure, and not being heard of or known to be living for the term of seven years, the presumption arises of his death.   2 Stark. Ev. (4th Amer. ed.) 458.   *Loring* v. *Steineman,* 1 Met. 211.   Although this is merely a presumption authorized by law, and may be controlled by evidence showing that the fact was otherwise, yet in reference to acts of other parties, and in deciding whether they are criminal, this presumption is allowed to have its proper effect.   Thus in reference to the criminal intercourse alleged to have taken place between Mrs. Carlton and the defendant, supposing she had been indicted for polygamy, and the fact had appeared of the absence of her husband for eleven years, she not knowing him to be living during that time, this would constitute a legal defence to the criminal charge.   Gen. Sts. *c.* 165, § 5.   We think this statute, though not in terms applicable to an indictment for adultery, recognizes a rule that should operate as a legal defence to the charge of adultery, when the alleged criminal acts are the marrying and cohabiting with a woman whose husband had been absent more than seven years, and not known to the defendant to have been alive during that period.

The proper instructions to the jury in a case like the present would be, that if it appeared that the husband had absented himself from his wife, and remained absent for the space of seven years together, a man who should, under the existence of such circumstances, and not knowing her husband to have been living within that time, in good faith and in the belief that she had no husband, intermarry with her and cohabit with her as his wife, would not by such acts be criminally punishable for adultery, although it should subsequently appear that the former husband was then living.          *Exceptions sustained.*